**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION**

_____

DONNIE MACK SELLERS,                    Cause No. CV 06-26-M-DWM-JCL

      Plaintiff,

   vs.                                  FINDINGS AND RECOMMENDATION
                                        OF U.S. MAGISTRATE JUDGE
SGT. JACOBS, OFFICER CRAWLEY,
and OFFICER S. MACKIE-WENDEL,

      Defendants.

_____

    The Plaintiff initiated this action in February 2006 by
filing his civil rights Complaint pursuant to 42 U.S.C. § 1983.
He also filed an application to proceed *in forma pauperis* which
the Court granted.

    On April 10, 2006, the Court appointed counsel to represent
the Plaintiff and investigate the allegations in his Complaint
that he was subjected to cruel and unusual punishment and denied
adequate medical treatment by staff members at the Missoula
County Detention Facility.  However, upon counsel's investigation
of the Plaintiff's allegations she found the Plaintiff was no
longer incarcerated at the Missoula County Detention Facility,

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - PAGE 1

and the Plaintiff had not left any forwarding address.
Therefore, on April 19, 2006, the Court released counsel from her
appointment in this case.

Each of the Court's Orders issued in this case and mailed to
the Plaintiff have been returned in the mail as undeliverable.
The Plaintiff has not kept the Court updated with his current
address or contact information.  Therefore, on October 23, 2006,
the Court issued an Order directing the Plaintiff to show cause,
within 10 days of the date of the Order, why this case should not
be dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to
prosecute.  Plaintiff has not filed any response to the October
23 Order.

Fed. R. Civ. P. 41(b) authorizes the Court to dismiss an
action "[f]or failure of the plaintiff to prosecute or to comply
with ... any order of court."  The Court may dismiss a case under
Rule 41(b) *sua sponte*.  *See, e.g., Link v. Wabash R.R. Co.*, 370
U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United
States Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).

In considering dismissal, a court must weigh five factors:
(1) the public's interest in expeditious resolution of
litigation; (2) the court's need to manage its docket; (3) the
risk of prejudice to the defendants or respondents; (4) the
availability of less drastic alternatives; and (5) the public
policy favoring disposition of cases on their merits.  *Pagtalunan*

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - PAGE 2

*v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

### 1.   Expeditious Resolution

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).  As reflected in the record of this case the Plaintiff has not updated the Court with his current mailing address, and he has not actively followed up on his Complaint.  The Plaintiff has not filed any document in this case since March 15, 2006, when he filed his prison account statement in support of his application to proceed *in forma pauperis*.  The Court concludes that since the Plaintiff has not expeditiously prosecuted his claims this factor weighs in favor of dismissal.

### 2.   Docket Management

"The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 990).  Litigants who do not actively pursue their claims or do not obey the Court's orders disrupt the Court's handling of other matters by consuming time and resources needed by other litigants who are active and compliant.  The Court has already consumed time and expended resources in an

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - PAGE 3

effort to move this case towards a resolution, including appointment of counsel to investigate the Plaintiff's allegations.  However, based on the Plaintiff's failure to follow up on his Complaint, to provide the Court with his current mailing address, and to respond to the Court's orders, it now appears he has no interest in pursuing his claims.  Under these circumstances, in the interest of judicial economy the Court's time is better spent on cases in which the litigants are actively pursuing their claims.  This factor weighs in favor of dismissal.

### 3.  Prejudice to Defendants

"To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case."  *Pagtalunan*, 291 F.3d at 642 (citing *Malone v. United States Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)).

The Plaintiff's delay in prosecuting this case will prejudice the Defendants' ability to defend.  As time goes on the facts supporting the claims, and witnesses' memories of such facts, become stale making it more difficult for any party to litigate this case.  All of this delay, caused by the Plaintiff, sufficiently prejudices the Defendants and threatens to interfere with the rightful decision of the case.  *Pagtalunan*, at 643 (finding that stale evidence and faded memories prejudice the litigation).  *See also Henry v. Gill Industries, Inc.*, 983 F.2d

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE – PAGE 4

943, 948 (9th Cir. 1993).

### 4. Alternatives

The Court has already afforded the Plaintiff opportunities to avoid a dismissal of this case.  The Court temporarily appointed counsel to represent him, and it has issued a show cause order giving him an opportunity to explain why this case should not be dismissed.  In that Order the Court cautioned the Plaintiff that this case was subject to dismissal pursuant to Rule 41(b).  The Plaintiff has not responded to the Orders, has not taken advantage of the opportunities previously provided to him, and has not heeded the warning that this case could be dismissed.  There is no reason to expect the Plaintiff will "respond more satisfactorily to a second round" of opportunities than he did the first time.  *Henry*, 983 F.2d at 948.  The Court is also not required to exhaust all alternative less-drastic sanctions prior to dismissal.  *Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671, 674 (9th Cir. 1981).

### 5. Disposition on Merits

Finally, public policy favors the disposition of cases on their merits.  *Pagtalunan*, 291 F.3d at 643 (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)).  This factor will always counsel against dismissal.

Based on the foregoing, although the policy in favor of

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE – PAGE 5

disposition on the merits weighs against dismissal under Rule 41(b), the public's interest in expeditious resolution of litigation, the Court's interest in managing its own docket, the risk of prejudice to the Defendants, and the lack of meaningful alternatives weigh in favor of dismissal.  Accordingly, the Court enters the following:

### RECOMMENDATION

This case should be **DISMISSED** pursuant to Fed. R. Civ. P. 41(b).

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

The Clerk of Court shall serve a copy of this Findings and Recommendation of the United States Magistrate Judge upon the parties.  The parties are advised that pursuant to 28 U.S.C. § 636(b)(1), they have the right to file written objections to this Findings and Recommendation.  Any objections to the Findings and Recommendation must be filed with the Clerk of Court within twenty (20) days after the date this Findings and Recommendation is signed, or objection is waived.

DATED this __28th__ day of November, 2006.


/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge


FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - PAGE 6