FILED
MISSOULA, MT

2007 JAN 26 AM 11 38

PATRICK E. DUFFY
BY _____
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| DONNIE MACK SELLERS, | ) | CV 06-26-M-DWM-JCL |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| SGT. JACOBS, OFFICER CRAWLEY, and OFFICER S. MACKIE-WENDEL, | ) | |
| Defendants. | ) | |

Plaintiff Sellers filed this action pursuant to 42 U.S.C. § 1983 in February 2006. He was granted in forma pauperis status and the Court appointed counsel to investigate the allegations in his Complaint on April 10, 2006. Counsel learned that the Plaintiff was no longer incarcerated at the Missoula County Detention Facility and was released from her appointment. The Plaintiff left no forwarding address and has not made a filing since March 15, 2006.

On October 23, 2006, United States Magistrate Judge Jeremiah C. Lynch gave the Plaintiff ten days to appear and show cause why his failure to prosecute should not result in dismissal of the Complaint. Plaintiff did not respond to the Order. Magistrate Judge Jeremiah C. Lynch entered Findings and Recommendations in this matter on November 28, 2006, in which he recommends dismissal of the Complaint for failure to prosecute under Fed. R. Civ. P. 41(b). Plaintiff did not timely object and so has waived the right to de novo review of the record. 28 U.S.C. § 636(b)(1). This Court will review the Findings and Recommendation for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." United States v. Syrax, 235 F.3d 422, 427 (9th Cir. 2000).

Judge Lynch weighed the five factors to be considered in deciding whether to dismiss for failure to prosecute, as set out in Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002). Judge Lynch found that the interest in expeditious resolution of cases, the Court's need to manage its docket, the prejudice to the Defendants and the availability of less drastic options all favor dismissal, while only the preference for resolution of cases on the merits does not. On this basis Judge Lynch recommended that the case be dismissed for failure to prosecute. I can find no clear error with Judge Lynch's recommendation and therefore adopt it in full.

-3-

Accordingly, IT IS HEREBY ORDERED that the Complaint is dismissed for failure to prosecute under Fed. R. Civ. P. 41(b).

DATED this 26 day of January, 2007.

_____
Donald W. Molloy, Chief Judge
United States District Court